By the Court—Hoffman, J.
The claim of Sorley, Smith & Co. to a lien upon the freight, by force of their own advances, and under the assignment from the master, is apparently valid. In this country, the master has a lien on the freight and cargo for his necessary advances made and responsibilities incurred in a foreign port. (Flanders on Maritime Law, 180.) In Sorley v. Brewer & Caldwell, in the Common Pleas, the right is distinctly recognized by Mr. Justice Hilton, (18 How. Pr. R., 276;) and the lien upon the vessel in admiralty is sustained in Sorley, Smith & Co., by Justice Betts, upon the facts of the case.
This lien, if it exists at all, will be paramount to the title of the charterers to the freight. Then the consequence will be, that the defendants have a valid, equitable defense to the action of the plaintiffs for payment of the hire of the ship. The fault or neglect of the ship owner, in not providing funds at Galveston, caused the existence of the lien, which deprives the defendants of the homeward freight. His act has defeated the consideration of the promise to pay the charter money. The equities, then, of the parties seem to be, that the plaintiffs must allow, as against the *631 demand on the charter party, the amount of freight which will be necessary to discharge Sorley, Smith & Company’s lien. This the counsel appears to concede.
Thus we have the case of the liability of the defendants to the plaintiffs in this action dependent upon the question, to whom the home freight belongs. The act or neglect of the plaintiffs’ assignor has vested third persons with an apparent right to it, which they are asserting. If the defendants pay the charter money, they may be also compelled to pay the freight they have received, or may be liable for.
The exposition of the 122d section of the Code appears to be, that other parties are to be brought in when it appears that their rights in the subject of the action must be settled before the rights of the parties to the suit can be determined. The court cannot definitely and correctly say what are the rights of the parties before it, in the subj ect matter of the suit, until the claims of others to it are determined. There are many cases in which a defendant may require other parties to be brought in, so that the judgment of the court in the action may protect him against the claims of such other parties. (McMahon v. Allen, 12 How., 39.)
The substantial point, and a main object of the action as now framed, is the determination of the right to the freight. The present seems to me to be a case in which the defendants have a right to the presence of Sorley, Smith & Co. for their protection." The act of the plaintiffs’ assignor gave rise to the adverse claim.
The existence of the suit in the Common Pleas, in which, probably, every right can be properly settled, is not, in the present stage of that suit, an answer to the application to re-forn! and perfect the action here.
I do not examine whether this court can proceed by publication to bring in Sorley, Smith & Co., under the 135th section, subdivision 4, of the Code. As observed by the Judge below, they may, perhaps, be served here, or voluntarily appear. They did appear by counsel on the motion below.
One of the points made by the plaintiffs’ counsel on the appeal is, that they admit that the defendants are entitled to set off the amount of freight which may be proved to have been earned by the Convoy on her home voyage against the sum claimed under the charter party.
*632 But the counsel did not assent that such freight was the $2,130 as stated in the complaint of Sorley, Smith & Co, On the contrary, he was understood to say that it was only about $500. It is necessary to settle the amount to be deducted, as well as the right to a deduction.
The order must be affirmed, with costs.
Ordered accordingly.